```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                       :
CESAR BOJORQUEZ-VILLALOBOS,            :
                                       :
         Petitioner,                   :    Civ. No. 16-8186 (NLH)
                                       :
     v.                                :    OPINION
                                       :
WARDEN MARK KIRBY,                     :
                                       :
         Respondent.                   :
_____:

APPEARANCES:
Cesar Bojorquez-Villalobos
63031-051
Fairton
Federal Correctional Institution
P.O. Box 420
Fairton, NJ 08320
     Petitioner Pro se

HILLMAN, District Judge

     Petitioner Cesar Bojorquez-Villalobos, a prisoner confined at the Federal Correctional Institution ("FCI") in Fairton, New Jersey, files this writ of habeas corpus under 28 U.S.C. § 2241, arguing that he is "actually innocent" of a sentencing enhancement.

     On November 7, 2016, this Court entered an opinion and order administratively terminating this matter because Petitioner failed to submit the required $5 filing fee or an application to proceed in forma pauperis.  (ECF Nos. 2-3.) Thereafter, Petitioner submitted an application to proceed in

forma pauperis.  (ECF No. 4.)  Though Petitioner included a summary of the past six months of activity on his prison account, he did not submit the required certification from a prison official.  See L. Civ. R. 81.2(b) ("the prisoner shall…further submit a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoner's prison account during the six-month period prior to the date of the certification.")

Because Petitioner has not submitted a complete in forma pauperis application or the filing fee, this matter will be administratively terminated for failure to satisfy the filing fee requirement. Petitioner will be granted leave to apply to reopen by either paying the filing fee or submitting a complete application for leave to proceed in forma pauperis.[1]

---

[1] Though the Court is administratively terminating this matter for failure to submit a complete in forma pauperis application, the Court notes that, if the non-certified summary is correct, it does not appear that Petitioner would even be eligible for such status because his account has exceeded $200 in the past six months.  See L. Civ. R. 81.2(c) ("[i]f the prison account of any petitioner or movant exceeds $200, the petitioner or movant shall not be considered eligible to proceed in forma pauperis. in forma pauperis").

CONCLUSION

For the reasons set forth above, Petitioner's application to proceed in forma pauperis is denied.  The Clerk of the Court will be ordered to administratively terminate this action.[2] Petitioner will be granted leave to apply to re-open within 45 days, by either prepaying the filing fee or submitting a complete application for leave to proceed in forma pauperis.

An appropriate Order will be entered.


Dated: February 13, 2017              s/ Noel L. Hillman
At Camden, New Jersey                 NOEL L. HILLMAN, U.S.D.J.

---

[2] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).