```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
CESAR BOJORQUEZ-VILLALOBOS,          :
                                    :
          Petitioner,                :   Civ. No. 16-8186 (NLH)
                                    :
     v.                              :   OPINION
                                    :
WARDEN MARK KIRBY,                   :
                                    :
          Respondent.                :
_____:

APPEARANCES:
Cesar Bojorquez-Villalobos
63031-051
Fairton
Federal Correctional Institution
P.O. Box 420
Fairton, NJ 08320
     Petitioner Pro se

HILLMAN, District Judge

	Petitioner Cesar Bojorquez-Villalobos, a prisoner confined at the Federal Correctional Institution ("FCI") in Fairton, New Jersey, filed a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1.) At this time, the Court will review the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, (amended Dec. 1, 2004), made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules.  See also 28 U.S.C. § 2243.  For the reasons set forth below, the Petition will be dismissed.

**I.   BACKGROUND**

The United States Court of Appeals for the Tenth Circuit provides the following summary of the procedural history of Petitioner's underlying criminal case:

> Cesar Bojorquez-Villalobos pled guilty in 2011 to conspiring to distribute methamphetamine in violation of 21 U.S.C. § 846 and to being an illegal alien in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2). The district court sentenced him to 108 months in prison—a sentence that was later reduced to 87 months based on Amendment 782 of the United States Sentencing Guidelines. In 2013, Mr. Bojorquez-Villalobos moved unsuccessfully to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, and this court denied a certificate of appealability.

In Re: Cesar Bojorquez-Villalobos, Civil Action No. 16-2169 (10th Cir. 2016).

In 2016, Petitioner requested permission from the Tenth Circuit to file a second or successive § 2255 motion based on the Supreme Court's holding in Johnson v. United States, 135 S. Ct. 2551 (2015).[1]  (Id.)  The Tenth Circuit denied his request because Petitioner did not receive an increased sentence under the ACCA or

---

[1] Johnson held that the "residual clause" in the definition of a qualifying "violent felony" used for sentence enhancement under the Armed Career Criminal Act ("ACCA") violated the constitutional prohibition against vague criminal laws, and that an increased sentence based on that clause violates a defendant's right to due process.  Johnson, 135 S. Ct. at 2557, 2563.

2

the career-offender provision of the sentencing guidelines.[2] Instead, Petitioner received a two-level sentence enhancement under U.S.S.G. § 2D1.1(b)(1), which does not contain the language invalidated in Johnson.  (Id.)

Petitioner thereafter filed the instant habeas Petition. (ECF No. 1.)  In his Petition, Petitioner argues that "[a]t issue is petitioner['s] contention that the residual clause of U.S.S.G. § 4B1.2(a)(2) is void for vagueness, and/or that his aggravated battery conviction does not constitute a "crime of violence" as defined in U.S.S.G. § 4B1.2(a)."  (Pet. 13.)

## II. DISCUSSION

### A. Legal Standard

United States Code Title 28, Section 2243, provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).

---

[2] At the time of the Tenth Circuit's denial, the Supreme Court had not yet decided Beckles v. U.S., where it determined that the Guidelines are not subject to a vagueness challenge under the Due Process Clause.  137 S. Ct. 886, 892, 197 L. Ed. 2d 145 (2017).

3

A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Denny v. Schultz, 708 F.3d 140, 148 n. 3 (3d Cir. 2013); see also 28 U.S.C. §§ 2243, 2255.

**B. Analysis**

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. McKeithan, 437 F. App'x 148, 150 (3d Cir. 2011); United States v. Walker, 980 F. Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention." See 28 U.S.C. § 2255(e). In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective,"

4

permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Dorsainvil, 119 F.3d at 251.

The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

The Court of Appeals for the Third Circuit subsequently emphasized the narrowness of its Dorsainvil holding when it rejected a district court's conclusion that § 2255 was "inadequate or ineffective" to address a claim based on Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), an intervening decision which held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the

5

prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." See Okereke, 307 F.3d at 120-21 (in which the petitioner had been sentenced based upon a drug quantity determined at sentencing by a judge using the preponderance of evidence standard).  The mere fact that a claim is time barred does not render § 2255 an inadequate or ineffective remedy.  See Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002).

Here, Petitioner's claims do not fall into the Dorsainvil exception.  Specifically, he does not allege that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate.  Instead, his Johnson claim relates to the ultimate sentence he received, not that an intervening change in substantive law negates the crimes for which he was convicted.  See Scott v. Shartle, 574 F. App'x 152, 155 (3d Cir. 2014) ("[B]ecause [petitioner] is challenging his career offender designation and is not claiming that he is now innocent of the predicate offense, he does not fall within the 'safety valve' exception created in In re Dorsainvil and cannot proceed under § 2241") (citation omitted); McIntosh v. Shartle, 526 F. App'x 150, 152 (3d Cir. 2013) ("Here, McIntosh is challenging his designation as a career offender. Thus, he does not fall within the exception created in Dorsainvil and may not proceed under § 2241") (citation

6

omitted); Johnson v. Scism, 454 F. App'x 87, 88 (3d Cir. 2012) (same); Pearson v. Warden Canaan USP, 685 F. App'x 93, 96 (3d Cir. 2017) ("§ 2241 is not available for an intervening change in the sentencing laws"); Jackman v. Hollingsworth, No. 16-3572 (RBK), 2016 WL 4163549, at *3 (D.N.J. Aug. 5, 2016) (finding that Johnson claim does not meet the Dorsainvil exception).[3]

Based on the foregoing, the Court finds that it lacks jurisdiction under § 2241 over the instant habeas petition. Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. In this case, the Court will not transfer the Petition to the Tenth Circuit for its consideration as a request to file a second or successive § 2255 motion because the court has already previously denied that request by Petitioner.[4]

---

[3] Even if Petitioner could meet the limited exception identified in Dorsainvil, his claims lack substantive merit for the reasons stated by the Tenth Circuit.

[4] The Court's decision not to transfer the instant Petition does not preclude Petitioner from filing a request with the Tenth Circuit on his own.

7

**III. CONCLUSION**

For the foregoing reasons, the Petition will be summarily dismissed due to a lack of jurisdiction. An appropriate order follows.


Dated: October 11, 2017          s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.